# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8317 | **DATE** | 4/23/2001 |
| **CASE TITLE** | Prevue Pet Products, Inc., et al vs. Avian Adventures, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Avian and Ms. Frank's motion to compel testimony by Mr. Tamez [doc. # 120] is granted in part and denied in part. The resumption of Mr. Tamez's deposition will take place on or before 05/30/01; will be limited to questioning concerning his October 1999 conversation(s) with Mr. Sohn; and will be taken by the same method of recordation as was Mr. Tamez's original deposition session (that is, it will be conducted without videotaping).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | APR 24 2001 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 APR 23 AM 9:40 | 4/23/2001 date mailed notice | |
| JJK | courtroom deputy's initials | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PREVUE PET PRODUCTS,** ) <br> **INC.,** *et al.,* ) <br> ) <br>        **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **AVIAN ADVENTURES, INC.,** ) <br> *et al.,* ) <br> ) <br>        **Defendants.** ) | No. 99 C 8317 <br><br> Magistrate Judge Schenkier <br><br> DOCKETED <br> APR 2 4 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Prevue Pet Products, Inc. and Bird City USA, Inc. have filed this action against Avian Adventures, Inc., Carol Frank and Sergio Tamez in connection with a dispute concerning bird cages. Plaintiffs seek a declaratory judgment that Mr. Tamez, rather than Avian or Ms. Frank, is the proper author and owner of the copyright in a certain style of bird cages (Sec. Am. Compl., Count I). The plaintiffs also seek damages and other relief against Avian and Ms. Frank – but not Mr. Tamez – under a variety of state law theories (*Id.,* Counts II-VI, VIII). For their part, Avian and Ms. Frank have asserted a counterclaim against Prevue and Bird City and a cross-claim against Mr. Tamez. In both their counterclaim and cross-claim, Avian and Ms. Frank assert that they (and not Mr. Tamez) are the true owners of the copyright in the bird cages; they also seek damages and other relief from Prevue, Bird City and Mr. Tamez for copyright infringement, unfair competition and deceptive trade practices (*see* Counterclaim, ¶¶ 9-14; Cross-Claim, ¶¶ 16-17).

As the foregoing suggests, although Mr. Tamez is a defendant in both the plaintiffs'

1

complaint and the cross-claim by Avian and Ms. Frank, his posture in those two pleadings is quite different. The cross-claim asserted by Avian and Ms. Frank seeks relief against Mr. Tamez directly, both in the form of money damages and a finding that Mr. Tamez is not the holder of the copyright in the bird cages in question. Thus, there can be no doubt that the positions of Avian and Ms. Frank on the one hand, and Mr. Tamez on the other hand, are genuinely adverse.

By contrast, in the complaint filed by Prevue and Bird City, the plaintiffs seek no monetary or other relief against Mr. Tamez. The only relief that plaintiffs seek that would involve Mr. Tamez's interests is plaintiffs' request for a finding that Mr. Tamez is the holder of the copyright in the bird cages (Sec. Am. Compl., Count I), and that Avian and Ms. Frank do not have a valid patent in those bird cages (*Id.*, Count VII): findings that, if plaintiffs obtained them, would redound to Mr. Tamez's benefit. Indeed, the friendly relations between plaintiffs and Mr. Tamez are underscored by the fact that plaintiffs are paying Mr. Tamez's defense in this case, which is being provided by a counsel of record (Arnold Landis) separate from plaintiffs' counsel (Alan Sohn and Kevin Trock).

The case now comes before the Court on a dispute that arose during the Tamez deposition concerning an assertion of attorney-client privilege. In that deposition, Mr. Tamez – on instructions of counsel – declined to answer questions touching on two subjects.

*First*, Mr. Tamez refused to answer questions about conversations he had in October 1999 (two months before this lawsuit was filed) with one of plaintiffs' counsel of record in this case, Mr. Sohn. Those conversations took place after Mr. Tamez learned that certain bird cages his companies allegedly manufactured and shipped to Prevue had been seized by the United States Customs Service, as a result of Avian's assertion that the products infringed Avian's copyright. In connection with those conversations and in an effort to extricate the bird cages from Customs, Mr. Tamez signed

2

an affidavit that later was attached to the complaint.

*Second*, while preparing for his deposition in this case, Mr. Tamez attended a meeting with his attorney, Mr. Landis, that also was attended by Prevue's attorneys of record, Messrs. Sohn and Kevin Trock. Mr. Tamez declined to answer questions concerning the conversations at which Prevue's counsel were present.

Avian and Ms. Frank have moved to compel Mr. Tamez to testify as to these two subjects (doc. # 120). Avian and Ms. Frank argue that no privilege can attach to conversations concerning either subject, because Mr. Tamez does not have an attorney-client relationship with either Mr. Sohn or Mr. Trock, and because the common interest doctrine cannot apply here, where Mr. Tamez is a defendant in a complaint filed by Prevue and Bird City. Mr. Tamez and plaintiffs resist the motion, asserting that all of the conversations in issue are protected by the attorney-client privilege. As to the October 1999 conversations with Mr. Sohn, Mr. Tamez and the plaintiffs assert that the privilege attaches because Mr. Tamez was seeking legal advice from Mr. Sohn (Tamez's and Prevue's Resp., at 3-4). As to the meetings during Mr. Tamez's deposition preparation, Mr. Tamez and plaintiffs assert attorney-client privilege based on the common interest doctrine (*Id.*, at 5-6).

In deciding this motion, the Court applies the same principles that it discussed in *IBJ Whitehall Bank & Trust Co. v. Cory & Associates, Inc.*, 97 C 5827, 1999 WL 617842 (N.D. Ill. 1999). In particular, the Court recognizes that the privilege serves important public interests by fostering "full and frank communication between attorneys and their clients[.]" *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1991). But the Court also is mindful that because the attorney-client privilege "shelters important knowledge," *In re Matter of Michael Feldberg*, 862 F.2d 622, 627 (7th Cir. 1988), the privilege must be "strictly confined within the narrowest possible limits."

*United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983). The burden of establishing the privilege is on the party asserting it. *Id.*

Applying these principles, the Court finds that Mr. Tamez has failed to establish that the attorney-client privilege applies to his conversations with Mr. Sohn in October 1999, but that the attorney-client privilege, through application of the common interest doctrine, does protect the conversations that Mr. Tamez had with his attorney in the presence of Prevue's attorneys just prior to his deposition. We explain each of those rulings in turn.

## I.

In order to establish the attorney-client privilege for his October 1999 conversations with Mr. Sohn, Mr. Tamez must satisfy the well-settled standard established by the Seventh Circuit:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Lawless,* 709 F.2d at 487. Mr. Tamez's claim of privilege in the October 1999 conversations fails, at the threshold, because he has failed to demonstrate that he sought legal advice from Mr. Sohn.

There were frequent (and improper) objections to testimony concerning even the most basic information about Mr. Tamez's dealings with Mr. Sohn -- such as, when they first talked (Tamez Dep. 47). However, the picture that emerges shows that when Mr. Tamez learned of the seizure of the bird cages, he spoke both with Ms. Frank and with Mr. Savitt of Prevue (*Id.* at 64). Mr. Tamez testified that he decided to prepare an affidavit in order to obtain the release of the bird cages (*Id.* at 60). Mr. Tamez testified that he "did" the affidavit on his own (*Id.* at 60), but that he instructed Mr. Sohn to type it for him (*Id.* at 58-59).

On this record, there is no evidence to support the assertion (Tamez and Prevue Resp. at 4) that Mr. Tamez sought any legal advice from Mr. Sohn in October 1999. Mr. Tamez did not so testify in his deposition; to the contrary, the record does not show that Mr. Tamez used Mr. Sohn as anything more than a scrivener. The fact that Prevue and Bird City filed a complaint naming Mr. Tamez as a party two months later, without giving Mr. Tamez any advance notice, further supports an inference that Mr. Sohn was not acting as Mr. Tamez's legal counselor during the events in October 1999.

Mr. Tamez and Prevue well may have had a common business interest in October 1999 in seeing that the bird cages that Mr. Tamez's companies had shipped to Prevue were released by Customs. Moreover, Mr. Tamez's affidavit – even though prepared to try to obtain release of the products for his own interests – well may have served that common business interest. But discussions with a lawyer do not automatically confer privileged status on communications that have a dominant business purpose. *IBJ Whitehall*, 1999 WL 617842, at *2. Here, Mr. Tamez has not shown that there was any "legal advice" component to his conversations with Mr. Sohn, much less one that would override the ordinary business purposes of the conversations.[1]

Accordingly, the assertion of attorney-client privilege as to the October 1999 conversation(s) between Mr. Tamez and Mr. Sohn is overruled; Mr. Tamez will be required to testify concerning those conversations. The resumption of Mr. Tamez's deposition will take place on or before May 30, 2001; will be limited to questioning concerning his October 1999 conversation(s) with Mr. Sohn;

---

[1] For this reason, the Court also rejects the proposition that even if Mr. Sohn was not acting as Mr. Tamez's attorney in October 1999, there nonetheless was a "common interest" privilege. The common interest rule does not protect any and all communications that may be about a "common problem." *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 689 F. Supp. 841, 845 (N.D. Ill. 1988).

5

and will be taken by the same method of recordation as was Mr. Tamez's original deposition session (that is, it will be conducted without videotaping).

## II.

The conversations that Mr. Tamez had with Mr. Landis and the Prevue attorneys just before Mr. Tamez's recent deposition, however, stand on a different footing. There is no dispute that Mr. Landis represents Mr. Tamez, and that the discussions they had in preparation for Mr. Tamez's deposition ordinarily would meet the requirements set forth in *Lawless* for application of the attorney-client privilege. But Avian and Ms. Frank say that the privilege has been waived with respect to those conversations at which Prevue's attorneys were present, since those attorneys are not representing Mr. Tamez.

Avian and Ms. Frank are correct that the attorney-client privilege is generally waived when there is disclosure to or in the presence of third-parties. *See, e.g., IBJ Whitehall,* 1999 WL 617842, at *3 ("the attorney-client privilege is generally waived when documents are disclosed to third parties"). However, there is no waiver if the third-parties are "linked by a common interest." *Id.* The common interest rule "allows a defendant to assert the attorney client privilege to protect statements made in confidence not to his lawyer, but to an attorney for a co-defendant for a common purpose related to the defense of both." *United States v. Evans,* 113 F.3d 1457, 1467 (7th Cir. 1997).

Avian and Ms. Frank assert that the common interest rule does not protect the deposition preparation communications because the rule applies only to defense efforts, and there are no joint "defense" efforts here because Prevue and Bird City are plaintiffs and Mr. Tamez is a defendant in the complaint (Avian and Frank Reply Mem. at 3). The Court disagrees with the premise that the common interest rule applies only to joint *defense* efforts. While typically phrased in terms of a

"defense" privilege, the common interest rule "can apply to any two parties who have a 'common interest' in current or potential litigation, either as actual or potential plaintiffs or defendants." *IBJ Whitehall*, 1999 WL 617842, at *3 n.1 (*citing Russell v. General Elec. Co.*, 149 F.R.D. 578, 580 (N.D. Ill. 1993)). In any event, even if the rule were limited to joint defense, the fact is that Prevue, Bird City and Mr. Tamez all are defendants on the counterclaim and cross-claim asserted by Avian and Ms. Frank. They all are defending against the claims by Avian and Ms. Frank that Mr. Tamez is not the holder of the copyright in the bird cages, and that Prevue, Bird City and Mr. Tamez all have therefore committed copyright infringement, unfair competition and deceptive trade practices. In the Court's view, the interests of the those parties on these points are sufficiently aligned to bring them within the scope of the common interest rule with respect to the pre-deposition meeting.

The Court also finds unpersuasive Avian and Ms. Frank's argument that the common interest rule cannot apply because Prevue and Bird City have named Mr. Tamez as a defendant (*see, e.g.*, Avian and Frank Reply Mem. at 3-4). Certainly, if the pleadings and the other evidence presented showed that those parties truly were in an adversarial relationship, then the common interest rule could not apply. *See Medcom Holding v. Baxter Travenol*, 689 F. Supp. 841, 844 (N.D. Ill. 1988). Thus, in determining that those parties have a common interest, the Court has considered the oddity that Prevue and Bird City have sued Tamez. But the Court does not find that point dispositive, given the other facts demonstrating that those parties are not truly adverse: (1) the plaintiffs seek no relief from Mr. Tamez; (2) plaintiffs' request for a declaration that Mr. Tamez, and not Avian and Ms. Frank, possesses the legitimate copyright interest in the bird cages would advance Mr. Tamez's interests; (3) likewise, plaintiffs' request for a declaration that Avian and Ms. Frank do not have a valid patent in those bird cages would serve Mr. Tamez's commercial interests; (4) plaintiffs and Mr.

7

Tamez both are defending the same types of claims asserted by Avian and Ms. Frank, and thus have the same interest in that defense – to show that Avian and Ms. Frank do not have the copyright or patent rights in the bird cages; and (5) plaintiffs are paying for the services rendered by separate counsel for Mr. Tamez in litigating this case. The Court finds that these facts show that although the plaintiffs named Mr. Tamez as a defendant in the pleadings, in fact they are not adverse in their litigation positions.[2]

Avian and Ms. Frank ask request the Court to ignore these facts, and instead to rely solely upon the alignment of the parties in the case caption of the complaint. That is an invitation to exalt form over substance, which the Court will not do. The Court finds that the common interest rule applies to the deposition preparation discussions attended by Mr. Tamez, Mr. Landis, and the Prevue attorneys. Accordingly, the motion to compel Mr. Tamez to testify about those discussions is denied.

### III.

We now turn to a question that is not directly presented in the motion, but that counsel for Avian and Ms. Frank raised in open court in status hearings concerning the motion. Given the ruling that Mr. Tamez must answer questions concerning his conversation(s) with Mr. Sohn in October 1999, it is clear that counsel for Avian and Ms. Frank will also seek to depose Mr. Sohn about those conversations. Thus, in order to avoid (or at least to guide) any further motion practice, the Court now addresses that question.

---

2 Given the Court's finding, it is unnecessary to speculate as to why plaintiffs named Mr. Tamez as a defendant as opposed to having him enter the case as a co-plaintiff. However, we find no basis to for Avian and Ms. Frank's unsubstantiated suggestion that this was the product of collusion (Avian and Frank Reply at 4). Indeed, Mr. Tamez testified that he first learned he was going to be sued only after the fact, when Ms. Frank told him that a complaint had been filed (Tamez Dep. 44-45).

8

The Federal Rules of Civil Procedure do not create a blanket immunity that exempts attorneys from ever being deposed. Rule 30 broadly states that "[a] party may take the testimony of *any* person, . . . , by deposition." Fed. R. Civ. P. 30(a)(1) (emphasis added). Thus, "an attorney may be deposed, even if he or she represents a party to the litigation in issue." *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D. Ill. 1983).

But the case law also well recognizes that a deposition of opposing counsel "provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987). These considerations led the Eight Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987), to state as a rule that depositions of opposing counsel "should be limited to where the party seeking to take the depositions has shown that (1) no other means exist to obtain the information than to depose opposing counsel, . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."

The *Shelton* approach has been followed in a number of decisions in this district. *E.g.*, *Hernandez v. Longini*, 96 C 6203, 1997 WL 754041, at * 5 (N.D. Ill. 1997) (barred deposition of attorney of non-party pending efforts to obtain information from other sources); *M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305-06 (N.D. Ill. 1992) (barred deposition of plaintiff's attorney where alternative sources of information were not exhausted); *Joslyn Corp. v. RTE Corp.*, 86 C 2319, 1988 WL 102104, at *1 (N.D. Ill. 1988) (barred deposition of defendant's attorney where there was no showing that the information was "crucial to the preparation of RTE's case"). One judge in this district, while criticizing criticized *Shelton* for setting forth a rule "in such broadbrush

terms," nonetheless has recognized that a court properly may exercise its discretion to bar a deposition of counsel (even if not trial counsel) where "it is really true that information may be derived at least as readily from a source other than the lawyer[.]" *Qad., Inc. v. ALN Assoc., Inc.*, 132 F.R.D. 492, 495 (N.D. Ill. 1990).

The rules specifically vest the courts with the discretion to limit the "frequency and extent" of discovery methods, where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Moreover, the rules authorize courts to bar certain discovery, or to regulate the method by which it is obtained, where "justice requires [it] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1), (3).

Upon consideration of the foregoing authorities, the Court will not completely foreclose the possibility of Mr. Sohn being deposed about the October 1999 conversation(s) with Mr. Tamez. However, because of the serious potential for abuse when a party seeks to depose opposing counsel, the Court will require that Avian and Ms. Frank first obtain Mr. Tamez's testimony concerning his conversations with Mr. Sohn. After that testimony, if Avian and Ms. Frank believe that Mr. Sohn has further information about those conversations that Mr. Tamez could not provide, they may seek leave to depose Mr. Sohn. In determining whether to exercise its discretion under Rules 26 and 30 to bar any such deposition, the Court will consider the *Shelton* factors. Thus, the Court will expect that if Avian and Ms. Frank seek to depose Mr. Sohn, they will provide reasons that show that their

desire to do so is the product of legitimate need, rather than idle curiosity or harassment (a possibility that this Court cannot discount given the frequent, contentious and often petty discovery battles in which all parties have indulged).[3]

## CONCLUSION

For the foregoing reasons, Avian and Ms. Frank's motion to compel testimony by Mr. Tamez (doc. # 120) is granted in part and denied in part. The resumption of Mr. Tamez's deposition will take place on or before May 30, 2001; will be limited to questioning concerning his October 1999 conversation(s) with Mr. Sohn; and will be taken by the same method of recordation as was Mr. Tamez's original deposition session (that is, it will be conducted without videotaping).

**ENTER:**

*/s/ Sidney I. Schenkier*
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE:** April 23, 2001

---

[3] The Court notes that during the eight months that this case has been before the Court on a referral, the parties have presented more than 40 discovery motions.

11